

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREK MOLSKI, <br><br> Plaintiff, <br><br> v. <br><br> MANDARIN TOUCH RESTAURANT; EVERGREEN DYNASTY CORP., a California corporation; and BRIAN MCINERNEY and KATHY S. MCINERNEY, as joint tenant, <br><br> Defendants. | Case No. CV 04-0450 ER <br><br> **ORDER DENYING DEFENDANT MCINERNEY'S MOTION FOR ATTORNEYS' FEES** |

Defendants Brian McInerney and Kathy S. McInerney ("McInerney") have moved the Court for an award of $40,900.20 in attorneys' fees and costs based upon (1) the fee-shifting provision of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12205), and (2) from Frankovich personally, pursuant to 28 U.S.C. § 1927, which allows recovery from an attorney who unreasonably and vexatiously multiplies the proceedings in any case.

127

The Court has read and considered the papers filed in connection with McInerney's motion and has reached the following conclusions.

The fee-shifting provision of the ADA provides that a Court may, in its discretion, award the prevailing party a reasonable attorney's fee, plus expenses and costs. 42 U.S.C. § 12205. As a threshold matter, however, the Court must determine that the party seeking fees and costs is the prevailing party. The Supreme Court has held that only enforceable judgments <u>on the merits</u> and court-ordered consent decrees create the "material alteration of the legal relationship ... necessary to permit an award of attorneys' fees." <u>Buckhannon v. West Virginia Dep't of Health</u>, 532 U.S. 598, 604 (2001); <u>Perez-Arellano v. Smith</u>, 279 F.3d 791, 794 (9th Cir. 2002). Summary judgment on standing grounds is not a judgment on the merits. See <u>Pilkington PLC v. Perelman</u>, 72 F.3d 1396, 1397 (9th Cir. 1995); Fed. R. Civ. Pro. 41(b) (noting that all dismissals are judgments on the merits except dismissals for lack of jurisdiction).

Because summary judgment for the McInerneys was granted on standing grounds, there was no judgment on the merits. Thus, the McInerneys are not the "prevailing parties" within the meaning of the ADA's fee-shifting provision, and the Motion for Attorneys'

The Court has read and considered the papers filed in connection with McInerney's motion and has reached the following conclusions.

The fee-shifting provision of the ADA provides that a Court may, in its discretion, award the prevailing party a reasonable attorney's fee, plus expenses and costs. 42 U.S.C. § 12205. As a threshold matter, however, the Court must determine that the party seeking fees and costs is the prevailing party. The Supreme Court has held that only enforceable judgments <u>on the merits</u> and court-ordered consent decrees create the "material alteration of the legal relationship ... necessary to permit an award of attorneys' fees." <u>Buckhannon v. West Virginia Dep't of Health</u>, 532 U.S. 598, 604 (2001); <u>Perez-Arellano v. Smith</u>, 279 F.3d 791, 794 (9th Cir. 2002). Summary judgment on standing grounds is not a judgment on the merits. See <u>Pilkington PLC v. Perelman</u>, 72 F.3d 1396, 1397 (9th Cir. 1995); Fed. R. Civ. Pro. 41(b) (noting that all dismissals are judgments on the merits except dismissals for lack of jurisdiction).

Because summary judgment for the McInerneys was granted on standing grounds, there was no judgment on the merits. Thus, the McInerneys are not the "prevailing parties" within the meaning of the ADA's fee-shifting provision, and the Motion for Attorneys'

The Court has read and considered the papers filed in connection with McInerney's motion and has reached the following conclusions.

The fee-shifting provision of the ADA provides that a Court may, in its discretion, award the prevailing party a reasonable attorney's fee, plus expenses and costs. 42 U.S.C. § 12205. As a threshold matter, however, the Court must determine that the party seeking fees and costs is the prevailing party. The Supreme Court has held that only enforceable judgments <u>on the merits</u> and court-ordered consent decrees create the "material alteration of the legal relationship ... necessary to permit an award of attorneys' fees." <u>Buckhannon v. West Virginia Dep't of Health</u>, 532 U.S. 598, 604 (2001); <u>Perez-Arellano v. Smith</u>, 279 F.3d 791, 794 (9${}^{th}$ Cir. 2002). Summary judgment on standing grounds is not a judgment on the merits. See <u>Pilkington PLC v. Perelman</u>, 72 F.3d 1396, 1397 (9${}^{th}$ Cir. 1995); Fed. R. Civ. Pro. 41(b) (noting that all dismissals are judgments on the merits except dismissals for lack of jurisdiction).

Because summary judgment for the McInerneys was granted on standing grounds, there was no judgment on the merits. Thus, the McInerneys are not the "prevailing parties" within the meaning of the ADA's fee-shifting provision, and the Motion for Attorneys'

Fees under that provision is DENIED.

Title 28, section 1927 allows a party to recover excess costs from an attorney who unreasonably and vexatiously multiplied the proceedings <u>in any case</u>. For an award under this section to be appropriate, a court must find that the attorney multiplied the proceedings <u>in the specific case</u>. Wright and Miller, Federal Prac. and Proc. § 1335, n. 71 (noting that § 1927 goes only to the multiplication of proceedings and that initial pleadings are beyond its reach). A review of the Ninth Circuit's decisions on this issue makes it apparent that this statute was designed for an attorney who unreasonably multiplies the proceedings in a single case. <u>In re Akros Installations</u>, 834 F.2d 1526 (9th Cir. 1987); <u>Optyl Eyewear v. Style Companies</u>, 760 F.2d 1045 (9th Cir. 1985) (§ 1927 is a sanction for bringing meritless motions that require court attention); <u>In re Peoro</u>, 793 F.2d 1048 (9th Cir. 1986). Though the Court believes that Frankovich committed numerous ethical violations, it sees no evidence showing an unnecessary multiplication of proceedings <u>in this case</u>. (Indeed, this seems to be the exact opposite of his modus operandi, which is limited to the filing of a single complaint. The fact that Frankovich treated this case like "a mill operation" does not justify an award under § 1927. <u>Peters v. Winco Foods</u>, 320 F. Supp. 2d

1035 (E.D. Cal. 2004).) Therefore, the Motion for Attorneys' Fees under § 1927 is DENIED.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: JAN 1 8 2006

_____
EDWARD RAFEEDIE
Senior United States District Judge