1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   GEORGE S. KHOURY (State Bar No. 269738)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  4328 Redwood Hwy., Suite 300
   San Rafael, CA 94903
4  Telephone:    415/674-8600
   Facsimile:    415/674-9900
5  Email:        tfrankovich@disabilitieslaw.com

6

7

8  Attorneys for Plaintiffs JAREK MOLSKI, an individual;
   and DISABILITY RIGHTS ENFORCEMENT,
9  EDUCATION SERVICES: HELPING YOU HELP
10 OTHERS, a California public benefit corporation

11           UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13

14 JAREK MOLSKI, an individual; and        )   **CASE NO. CV 04-0450 ER (SHSx)**
   DISABILITY RIGHTS ENFORCEMENT,          )
15 EDUCATION SERVICES: HELPING YOU         )   APPLICATION TO THE CHIEF PRESIDING
   HELP OTHERS, a California public benefit )   JUDGE GEORGE KING TO VACATE THE
16 corporation,                            )   PRE-FILING ORDER REQUIRED OF
                                           )   ATTORNEY THOMAS E. FRANKOVICH and
17         Plaintiffs,                     )   THOSE EMPLOYED OR ASSOCIATED
                                           )   WITH THOMAS E. FRANKOVICH, APLC
18 v.                                      )   TO FILE NEW LITIGATION;
                                           )   DECLARATION OF THOMAS E.
19 MANDARIN TOUCH RESTAURANT;              )   FRANKOVICH IN LIEU OF CCP 391.8
   EVERGREEN DYNASTY CORP., a              )   APPLICATION; and [PROPOSED] ORDER
20 California corporation; and BRIAN       )
   MCINERNEY and KATHY S.                  )
21 MCINERNEY, as joint tenants,            )
                                           )
22         Defendants.                     )
                                           )
23 _____ )

24      I, THOMAS E. FRANKOVICH, declare that I am an attorney duly licensed to practice in

25 all the courts in the state of California and if called as a witness and duly sworn, I would and

26 could competently testify to the following based upon my own personal knowledge:

27      This declarant, Thomas E. Frankovich, is an attorney. This declarant was sanctioned by

28 the late Honorable Edward Rafeedie, requiring this declarant, or anyone associated with him,

regardless of the client, to file a pre-litigation petition in order to file what is commonly referred to as an "Access Case" to a public accommodation under the Americans with Disabilities Act of 1990 ("ADA"). This declarant seeks that this court vacate the pre-filing order. While this pleading is extensive, given the serious nature of this sanction against an attorney, the historical chronological summary on pages 8 & 9 should alone suffice to vacate the order.

The Court utilized its "inherent power" to issue a sanction against this declarant. "ORDER GRANTING DEFENDANTS' MOTION TO DECLARE JAREK MOLSKI A VEXATIOUS LITIGANT AND FOR A PRE-FILING ORDER REQUIRING MOLSKI TO OBTAIN LEAVE OF THE COURT BEFORE FILING ANY OTHER CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT," attached hereto as exhibit "A," was incorporated by reference in the "MEMORANDUM DECISION RE ORDERS TO SHOW CAUSE," attached hereto as exhibit "B" issued against this declarant.

**Page 7 of the Order reads**:

## **Analysis**

a.    Authority to Issue Pre-filing Order

"The District Court has the inherent power to levy sanctions in response to abusive litigations practices. See, e.g., Roadway Express, Inc. V. Piper, 447 U.S. 752, 765-66 (1980). This inherent power is augmented by Local Rule 83-8, which empowers this Court to craft an appropriate sanction to defend against vexatious litigations, including but not limited to "a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." C.D. Cal. Local Rule 83-8.2."

In the Memorandum Decision re Orders to Show Cause under conclusion, **Page 23, lines 18 thru 28**:

"This Court has an obligation and a duty to protect the public from an unscrupulous practitioner. The record before the court establishes that the Frankovich Group has engaged in a pattern of unethical behavior designed ultimately to extort money from businesses and their insurers.

The Court believes that the record before it is sufficiently egregious to justify the suspension, or even disbarment, of the lawyers constituting The Frankovich Group. . . .

**Page 24, lines 1 thru 28:**

Accordingly, the Court has requested that the State Bar investigate the matter and consider disciplinary action if appropriate. In the meantime, the Court believes that the public can be adequately protected by a less restrictive and drastic measure: a pre-filing order that requires the Frankovich Group to seek leave of court before filing any new complaints under Title III of the Americans with Disabilities Act.

A pre-filing order is the least restrictive sanction that protects both the public and the courts. Some sort of pre-filing notice to the courts is necessary because of the Frankovich Group's history of filing lawsuits and then quickly settling the matter. If a court is not allowed to examine the complaint before it is served on the party, the matter may be settled and dismissed before the court has a chance to determine the issues of standing and jurisdiction discussed herein. Moreover, it is not sufficient merely to require Plaintiff Molski to seek leave of court before filing a complaint, because the Frankovich Group has demonstrated an ability to recruit additional serial plaintiffs who make nearly identical claims. Therefore, it is the order of the Curt that [The Frankovich Group, as presently constituted, and as it may hereafter be constituted, including all shareholders, associates and employees], is hereby required to file a motion requesting leave of court before filing any new complaints alleging violations of. . . .

**Page 25, lines 1 thru 4:**

Title III of the Americans with Disabilities Act in the United States District Court for the Central District of California. Such a motion must include a copy of this order. . . .

**Page 34, line 1:**

IT IS SO ORDERED."

This declarant asks this Court to use its inherent power and vacate the pre-filing order.

The Local Rules of the Central District relative to vexatious litigants do not address this type of a sanction against the attorney. That is but one more reason this declarant requests this court to vacate the pre-filing order under its inherent power. The few Local Rules state the following:

**L.R. 83-8 Vexatious Litigants**

- **83-8.1:** It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigations with security against the costs of defending against such litigation and appropriate orders to control such litigation. It is the intent of the rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.

- **83-8.3:** Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Cuort's process and is likely to continue such abuse, unless protective measures are taken.

- **83-8.4:** Although nothing in this rule shall be construed to require that such a procedure be followed, the Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391-391.7.

Given these rules, this declarant/applicant seeks that this Court uses its inherent powers and vacate the pre-filing sanction and use, if needed, C.C.P. §§391 through 391.8 as a guide. Attached as exhibit "C" and exhibit "D" are rather simple forms used by the Superior Court for application by a plaintiff(s) deemed a vexatious litigant to vacate a pre-filing order. This declaration should be considered as an application it's much more extensive.

APPLICATION TO THE CHIEF PRESIDING JUDGE GEORGE KING TO VACATE THE PRE-FILING ORDER REQUIRED OF ATTORNEY THOMAS E. FRANKOVICH and THOSE EMPLOYED OR ASSOCIATED WITH THOMAS E. FRANKOVICH, APLC TO FILE NEW LITIGATION; DECLARATION OF THOMAS E. FRANKOVICH IN LIEU OF CCP 391.8 APPLICATION; AND [PROPOSED] ORDER

4

As Local Rule 83-8.4 provides that the court "may" follow the California vexatious litigant statute, the ensuing discussion might serve as a guide for the court to use its inherent power to vacate the order, as Thomas E. Frankovich has never been declared a "vexatious litigant."

## VEXATIOUS LITIGANT

Vexatious litigant statutes were created to "curb misuse of the court system" by persons who repeatedly relitigate the same issues. *In re Bittaker*, 55 Cal. App.4th 1004, 1008; 64 Cal.Rptr.2d 679 (1997). The statutes address those who are "persistent and obsessive" in bringing meritless or groundless actions. *First Western Development Corp. v. Superior Court*, 212 Cal. App.3d 860, 867-868; 261 Cal. Rptr. 116 (1989).

The California Legislature enacted Code of Civil Procedure § 391.7 in 1990. It operates "beyond the pending case" to authorize the court to issue a pre-filing order that prevents a vexatious litigant from filing any new litigation without first seeking and obtaining permission from the presiding judge. *Bravo v. Ismaj,* 99 Cal. App.4th 211, 221; 120 Cal. Rptr. 2d 879 (2002). The text of this section reads, in pertinent part,

> The court may, on its own motion or the motion of any party, enter a pre-filing order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Code Civ. Pro. § 391.7 (a).

Where such a pre-filing order has been imposed on a party, upon application seeking initiation of new litigation, "[t]he presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." Code Civ. Pro. § 391.7 (b). Thus, the inquiry necessarily undertaken by this Court in deciding whether plaintiffs' complaint should be accepted for filing by the clerk is whether the litigation has merit and, if so, whether it is being filed for purposes of harassment or delay.

APPLICATION TO THE CHIEF PRESIDING JUDGE GEORGE KING TO VACATE THE PRE-FILING ORDER REQUIRED OF ATTORNEY THOMAS E. FRANKOVICH and THOSE EMPLOYED OR ASSOCIATED WITH THOMAS E. FRANKOVICH, APLC TO FILE NEW LITIGATION; DECLARATION OF THOMAS E. FRANKOVICH IN LIEU OF CCP 391.8 APPLICATION; AND [PROPOSED] ORDER

5

## VEXATIOUS LITIGANT MAY FILE APPLICATION TO VACATE
## PRE-FILING ORDER

Code of California Civil Procedure 391.8 states in part:

>    (a) A vexatious litigant subject to a pre-filing order under Section 391.7 may file an application to vacate the pre-filing order and remove his or her name form the Judicial Councils list of vexatious litigants subject to pre-filing orders . . . .

>    (c) A court may vacate a pre-filing order and order removal of a vexatious litigant's name from the Judicial Councils' list of vexatious litigants subject to pre-filing orders upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order.

This declarant has not made an application to vacate this order at anytime.

## THOMAS E. FRANKOVICH IS NOT A VEXATIOUS LITIGANT BY DEFINITION

This declarant is not a "vexatious litigant" as used and defined in any section of C.C.P. Code 391, et seq. including section "d,":

>    "Plaintiff" means the person who commences,
>    institutes or maintains a litigation or causes it to be
>    commenced, instituted or maintained, including an
>    attorney at law acting in propria persona."

nor has this declarant been on or has ever been on the Judicial Councils' Vexatious Litigant list.

There has been a determination by a court that there were no facts to support the initial findings by the Honorable Edward Rafeedie (deceased) in the case of *Jarek Molski v. Mandarin Touch*, Case No. CV 04-0450 ER.

The Rafeedie's court, issued a pre-filing order as a sanction. The Rafeedie court would have ordered, as it did with Jarek Molski, an explicit Order naming Thomas E. Frankovich a vexatious litigant. As to Jarek Molski, the court was explicit as stated herein: "For all of these reasons, the Court finds that Jarek Molski is a "vexatious litigant." Nowhere does the court finds Thomas E. Frankovich a vexatious litigant.

I am informed and believe that my name as an attorney is not on any statewide list published by Judicial Council of California entitled "Vexatious Litigant" pre-filing Orders - Judicial Council of California. The Judicial Councils' list of Vexatious Litigants dated October 1, 2013, attached as Exhibit "E" and incorporated by reference as though fully set forth herein. This list does not contain and never has it contained the name "Thomas E. Frankovich."

## CENTRAL DISTRICT ACTION

The Mandarin Touch Federal District case revolved around "access to public - accommodation." The American with Disabilities Act of 1990 ("ADA") is incorporated by reference in toto in the Unruh Civil Rights Act (C.C.P. 51), and the Disabled Persons Act (C.C.P. 54.1). The American with Disabilities Act of 1990 ("ADA") only allows for injunctive relief. State law, because of the incorporation of the ADA, provides for injunctive relief and damages. The provision for damages sets minimum statutory damages and is punitive in nature. The federal court upon motion deemed Jarek Molski to be a vexatious litigant. The issue of injunctive/remedial work became moot, as the remedial work to provide access had been completed. The federal court dismissed the action, as the federal question was moot and declined to exercise supplemental jurisdiction. The action was then filed by plaintiff Jarek Molski in Santa Barbara Superior Court of California. Since the federal pre-filing Order was made, events have taken place, which in essence stand for the proposition that the Honorable Edward Rafeedie (deceased) had no facts to support his charges against Thomas E. Frankovich. His (Judge Rafeedie's) findings were based on assumption and innuendo rather than testimonial and documentary evidence.

## APPLICATION BY DECLARANT TO VACATE PRE-FILING ORDER

This declarant makes application to this court to vacate this court's pre-filing order required of attorney, Thomas E. Frankovich, and those employed by or associated with him or Thomas E. Frankovich, APLC under the "inherent power" of this court and not under California Code of Civil Procedure 391.8, but possibly using C.C.P. 391.8 as a "guide" only, as Thomas E. Frankovich, by definition is not a vexatious litigant and based upon the following chronology of facts and expansion of those facts for a closer evaluation. The new facts are actually judicial determinations coming after the pre-filing order was made in the federal court. They constitute "changed facts and circumstances" upon which this court should vacate its pre-filing order.

| | |
|---|---|
| **January 23, 2004** | Federal Court action filed: *Jarek Molski, et al. vs. Mandarin Touch; Evergreen Dynasty Corp., et al.* |
| **December 4, 2004** | Order granting defendant's motion to declare Jarek Molski a Vexatious Litigant and for a pre-filing order requiring Molski to obtain leave of court before filing any other claims under the American with Disabilities Act., *Jarek Molski, et al. vs. Mandarin Touch; Evergreen Dynasty Corp., et al.*, Case No. CV-04-00450-ER. |
| **August 31, 2007** | Ninth Circuit Court of Appeals Opinion, Jarek Molski, et al. v. *Touch; Evergreen Dynasty Corp., et al.,* Case No. 05-56452, 500 F.3d 1047 (9th Cir. 2007). |
| **December 11, 2007** | Santa Barbara Superior Court of California, **unanimous** 12-0 Jury Verdicts in favor of Jarek Molski for discrimination suffered on January 25, 2003, and intentional discrimination suffered on January 25, 2005. A judgment was entered on January 18, 2008, *Jarek Molski, et al.* v. *Touch; Evergreen Dynasty Corp., et al.*, Case No. 1172370. |

| | | |
|---|---|---|
| 1 | **April 7, 2008** | Ninth Circuit Court of Appeals Dissent: Nine Judge |
| 2 | | Dissent, *Jarek Molski, et al.* v. *Touch; Evergreen* |
| 3 | | *Dynasty Corp., et al.,* Case No. 05-56452, |
| 4 | | 521 F.3d 1215 (9th Cir. 2008). |
| 5 | **June 25, 2009** | California State Bar vs. Thomas E. Frankovich: In the matters of |
| 6 | | Thomas E. Frankovich, S.B.N. #74414, a member of the |
| 7 | | California State Bar, Case No. 04-O-15890-PEM; and 06-J- |
| 8 | | 13032. After a 7-day trial, spanning from December 2008 to |
| 9 | | 2009, Thomas E. Frankovich was **not guilty of any of the** |
| 10 | | **charges/findings of the Honorable Judge Edward Rafeedie.** |

11   The changed facts and circumstances following the federal pre-filing orders are the unanimous

12   verdicts for Jarek Molski against the very same Evergreen Dynasty re-filed as a state action, the

13   Ninth Circuit nine (9) judges' dissent in the federal action and the state bar verdict in favor of

14   Thomas E. Frankovich.

15   **UNANIMOUS VERDICTS IN SANTA BARBARA SUPERIOR COURT CASE**

16   *Jarek Molski v. Evergreen Dynasty, et al.*, **Case No. 1172370**

17   The ultimate trier of fact is the jury. The jury spoke in the Santa Barbara Superior

18   Court of California rendering **two (2) unanimous verdicts** on December 11, 2007. One (1)

19   unanimous verdict for discrimination suffered on January 25, 2003, and a second (2nd)

20   unanimous verdict for intentional discrimination suffered on January 28, 2005. This verdict

21   was approximately three (3) years and seven (7) days following the federal court's pre-filing

22   order of December 4, 2004. The verdict is attached as exhibit "F" and incorporated by

23   reference as though fully set forth herein and a request for judicial notice of such is hereby

24   made. The verdict completely repudiates Judge Edward Rafeedie's view on the merits of the

25   case.

26

27

28

1

**NINTH CIRCUIT DISSENT**

2

**Jarek Molski, et al. v. *Touch; Evergreen Dynasty Corp., et al.,***

3

**Case No. 05-56452,**

4

**521 F.3d 1215 (9th Cir. 2008)**

5    While the Ninth Circuit rendered an opinion on the "inherent power" of the court to

6    issue a sanction on less than "preponderance" of the evidence, the Ninth Circuit Judges'

7    **Dissent**, eight (8) months later, raised many salient issues by nine (9) judges of the Ninth

8    Circuit some of which are set forth in the dissent as follows:

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

"Berzon, Circuit Judge, with whom Kozinski, Chief Judge,
and Pregerson, Reinhardt, Hawkins, McKeown, Wardlaw, W.
Fletcher, and Paez, Circuit Judges, join dissenting form the
denial of rehearing en banc: Pre-filing order infringe the
fundamental right to access the courts. They are properly
reserved for extreme situations where there is absolutely no
possibility that the allegations could support judicial relief
and filing the suit is a burden on both the court and the
opposing party -- a costly exercise in futility. Under those
circumstances, less draconian sanctions will not suffice.
Because, by any measure, this is not such a case, I respectfully
dissent from the denial of rehearing en banc. The panel
opinion pays lip service [**6] to the long-standing and
constitutionally-based principle that "[a]n injunction cannot
issue merely upon a showing of litigiousness. The plaintiff's
claims must not only be numerous, but also patently without
merit. Yet, neither the panel nor the district court contend that
all or most of Molski's hundreds of ADA claims actually lack
merit. In fact, both expressly concede that they are probably
meritorious in part – many of the establishments he sued were
likely not in compliance with the ADA.") Molski v. Mandarin
Touch Rest., 347 F. Supp. 2d 860, 865 (C.D. Cal. 2004) ("It
is possible even likely, that many of the businesses sued [by
Molski] were not in full compliance with the ADA.") Instead,
the panel relies on the district court's findings that Molski's
claims of injury . . . were patently without merit," and
concludes this is enough to make the litigation frivolous.
[**1218] As an initial matter, the district court's conclusion
that Molski fabricated many allegations of injury, which was

28

affirmed [**7] by the panel, simply cannot meet our standard for factual frivolousness. To be frivolous, factual allegations must be "wholly fanciful" or "conflicting with facts of which the district court my take judicial notice." The district court and the panel relied solely upon the similarity and multitude of Molski's injuries: Numerous complaints alleged that he incurred physical injuries while attempting to overcome non-ADA complaint public accommodations. The panel asserts that "it is very unlikely that Molski suffered the same injuries, often multiple times in one day, performing the same activities – transferring himself from his wheelchair to the toilet or negotiating accessibility obstacles. Common sense dictates that Molski would have figured out some way to avoid repetitive injury-causing activity; even a young child who touches a hot stove [**8] quickly learns to avoid pain by not repeating the conduct. On this reasoning, the panel concludes that the district court's finding that Molski "plainly lied" in his injury allegations was not clearly erroneous. But the similarity of these injuries alone doe not lead to the conclusion that the allegations are patently false. First, as the panel concedes, "[b]ecause many of the violations Molski challenged were similar, it would have been reasonable for Molski's complaints to contain similar allegations of barriers to entry, inadequate signage, and so on." In addition, Molski provided a reasonable explanation for the similarity of his injuries and the injurious nature of seemingly small acts. As another district court explained, in rejecting the district court's analysis here and declining to find Molski a vexatious litigant. Molski explains that, as a paraplegic, he relies entirely on his upper extremities and the strain of the improper transfers to the toilet are real injuries to him. Even though the pain might be short-lived, the cumulative effect of the multiple injuries is to wear down his upper extremities, joints, and shoulders. Molski also frequently injures [**9] his buttocks when forced to transfer to a toilet that is not configured in compliance with the ADA. Molski explains that, because he sits on his buttocks all day, bruises on his buttocks do not heal quickly or easily. . .Molski supports the veracity of his claims of injury with declaration form his treating physician, Dr. Thomas Lyle Hedge. . .Dr. Hedge declares that Molski [sic] has suffered "repetitive, continuous and cumulative trauma/physical injury to the upper

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

extremities from confronting architectural barriers such as unpaved pathways and toilets without proper grab bars or at an improper height. Molski v. Rapazzini Winery, 400 F. Supp. 2d 1208, 1210-11 (N.D. Cal. 2005) (record citations omitted). Given this explanation, the factual allegations of injury here were simply not "wholly fanciful," even if the incremental nature of the alleged injury was not spelled out. Molski and Dr. Hedge both submitted declarations in the instant case providing the same explanations accepted in Rapazinni Winery. [*1219] but even if Molski's allegations of injury were meritless, the pre-filing order would not be justified: The allegations of injury are entirely irrelevant [**10] to Molski's ADA causes of actions; past actual injury is not necessary to bring a claim under Title III of the ADA. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Allegations of injury are not necessary either to sue for statutory damages under California's Unruh Act. The panel appears to so recognize, but suggests that there are some scenarios under which Molski might want to pursue actual rather than statutory damages under sate law, so the allegations of physical injury "are not entirely irrelevant." That may be. But the tangential connection of the physical injury allegation to the potential for success in the cases certainly makes it difficult to characterize the complaints as a whole as frivolous in any ordinary sense of that term. The pane's other complaints similarly fail to justify a pre-filing order. The panel complains that Molski sought daily statutory damages under California law, yet recognizes that these claims "might have been legally justified" because of a split among district courts on the issue. The panel also relies upon the fact that Molski [**11] often waited a year before filing suit, which greatly increased the statutory damages claim. But this conduct is permitted under the statute; if there is a problem created by the statutory scheme, the appropriate fix is legislative, not judicial. Let me emphasize the impact of the district court's decision: One judge has determined that Molski and the Frankovich Group are forbidden to file ADA complaints without prior approval in the entire Central District. That judge has not in any way specified what standards will be used in deciding which cases may be filed and which may not. Other judges in that district may disagree with the imposition of the pre-filing order – in fact, a majority

may.   Yet, they have no say at all in the matter.   The likelihood of internal disagreement is highlighted by the fact a judge in the Northern District has determined, [*1220] on [**13] a similar record, that Molski should not be subjected to a pre-filing order.   Molski v. Rapazzini Winery, 400 F. Supp. 2d at 1209-12. So Molski can now bring ADA suits in the Northern District seeking to assure access in places of public accommodation, but cannot do so in the Central District without subjecting himself to pre-screening by a single judge. Fortunately, there's a cure.   The lawyers and judges of the Central District don't have to put up with this kind of tyranny by one judge acting entirely on his [**1222] own. A member of a multi-judge court should not be able to single-handedly cut off one party or law firm's access to all the other judges of the court. The Central District judges can and should adopt a local rule or general order that any judge wishing to bar a litigant or a law firm from accessing the court must obtain the concurrence of a committee of his colleagues. Enforcement of the order, too should not be entrusted to the judge who entered it, as he may take an unduly broad view as to its scope. Far wiser, and fairer, to have other judges, drawn at random, enforce the order in the future cases.   By adopting such measures, the court would ensure that draconian orders such as this one will not be the handiwork of a single judge, subject only to cursory supervision by the court of appeals, but a shared responsibility of the court's judges, as such orders should be. And, the new local rule or general order should be applied retroactively to Molski's case.   Like Judge Berzon, I'm very sorry that such [**20] an order was ever entered, and on such a non-existent record. I'm even sorrier that our panel has seen fit to affirm it, and that our full court has chosen to look the other way. But ultimately, it's up to the judges of the Central District to ensure that due process is upheld and that an injustice is avoided. I have every confidence that they will be equal to the task."

[For the convenience of the court, the Dissent in *Jarek Molski, et al. v. Evergreen Dynasty Corp., et al.* - Case No. 05-56452, 521 F.3d 1215 (9th Cir. 2008). is attached as exhibit "G" and incorporated by reference as though fully set forth herein].

1           **STATE BAR OF CALIFORNIA V. THOMAS E. FRANKOVICH**

2        Evidence of the most significant factual changes is the California State Bar Court's

3 decisions in the prosecution of Thomas E. Frankovich. These decisions in themselves

4 warrant vacating the pre-filing order.

5        Judge Rafadiee forwarded his pre-filing Order to the State Bar of California. The

6 State Bar prosecuted Thomas E. Frankovich based upon Judge Rafadiee's Order in the matter

7 of Thomas E. Frankovich, Case No. 04-O-15890-PEM. After a **seven (7) day trial**, spanning

8 from December 2008 to 2009, Thomas E. Frankovich was **cleared of all charges**. Those

9 charges were as follows:

10           **Count One: Moral Turpitude - Scheme to Extort**

11           **(Bus. & Prof. Code §6106)**

12           The State Bar alleges that respondent engaged in a scheme to extort by: (1)
filing claims that contained false and contrived claims of bodily injury; (2)
13 filing numerous complaints alleging plaintiffs had been injured numerous
times in a single day; (3) making misleading statements to defendants about
14 hiring counsel, the merits of their defense, and discussing whether their
insurance might cover any claims:
15
16           (4) not notifying the defendants of the claim until after significant time had
passed so that a large daily damage total could accumulate;
17
18           **Count Two: Seeking to Mislead a Judge ( §6068, Subd. (d))**

19           (5) The State Bar alleges that by filing complaints containing allegations of
bodily injury when there were no facts to support such a claim, respondent
20 sought to mislead the judge or judicial officer by an artifice or false statement
of fact or law;
21
22           **Count Three: Moral Turpitude: - (§6106)**

23           (6) The State Bar alleges that respondent committed acts of moral turpitude
by making settlement demands and settling with defendants without
24 "appropriately apportioning" each defendants; responsibility for the
repetitive, continuous, and cumulative trauma Mr. Molski suffered, thereby
25 making defendants responsible for more than their share. [State Bar did not
26 establish under what duty respondent is required to "appropriately apportion"
for each defendant's responsibility. Consequently, there is no basis in the
27 record to support a finding of culpability].

28

1  A copy of the State Bar Court's Order/Opinion is attached as exhibit "H" and incorporated by

2  reference as though fully set forth herein. The following excepts tell the story:

3  **Introduction:**

4     The aggressive pursuit of litigation involving violations of the Americans with Disabilities Act (ADA) has become a highly contested area

5  of law. . . .

6     Some see these attorneys as champions of the disabled, while others view them as unscrupulous pariahs. The flames of this controversy have

7  spread beyond the realm of public opinion and into the federal court

   system. . . .

8     Respondent is alleged to have committed multiple acts of misconduct

9  involving his federal ADA practice, Said misconduct includes scheming to

   extort settlement, seeking to mislead a judge, and committing acts of moral

10  turpitude.

11

   **II. Pertinent Procedural History**

12     A **seven-day trial was held** (emphasis added) in December 2008 and

13  in January 2009.

14  **III. Findings of Fact and Conclusions of Law**

   Findings of Facts:

15     Background: The ADA, 42 U.S.C. §12101 et seq., was signed into

16  law in 1990. Its stated goal is to remedy discrimination against individual

   with disabilities. A major source of discrimination suffered by disabled

17  individuals is the inability to gain access to public accommodations. . . .

18     To enforce Title III, the ADA contains both a private right of action,

19  42 U.S.C. §12188(a), and a right of action for the attorney General, 42

   U.S.C. §12188(b). . . .

20  the only remedies available under the private right of action are injunctive

   relief and the recovery of attorneys' fees and costs. . . .

21     Because violations of the ADA also constitute a violation of

22  California's Unruh Civil Rights Act (Cal. Civ. Code §51(f)) and the

   California Disabled Persons Act (Cal. Civ. Code §54 (c)) plaintiffs can sue

23  in federal court for injunctive relief under the ADA, and tack on state law

24  claims for money damages under the Unruh Act and the California Disabled

   Persons Act. In 2004, respondent filed at least 223 lawsuits in the United

25  States District Courts for the Northern and Central Districts of California

26  alleging violations of the ADA. Of those lawsuits, 156 were filed on behalf

   of Jarek Molski, and 40 were filed on behalf of either Les Jankey or

27  Patrick Connally. . . .

28

Molski Found to be a Vexatious Litigant in the Central District of
California. . . .

On December 9, 2004, Judge Rafeedie issued an order declaring Mr.
Molski a vexatious litigant and ordering him to obtain leave of court before
filing any other lawsuits alleging violations of the ADA in the United States
District Court for the Central District of California. . . .

On March 8, 2005, Judge Rafeedie issued a memorandum decision
ordering respondent to obtain leave of court before filing any new complaints
alleging violations of Title III of the ADA in the United States District Court
for the Central District of California. This decision was based on the
following factual findings: (1) respondent's law firm filed at least 223
lawsuits in the Northern and Central Districts of California in 2004, one-third
of which were against ethnic restaurants; (2) because of the similarity and
multitude of Mr. Molski's injuries, many of his claimed physical injuries
were contrived; (3) the only reason respondent made a claim for physical
injury in every complaint was to invoke the personal injury provision of
defendant's insurance policy; and (4) respondent's law firm had aggressively
and unethically pursued and obtained a high rate of case settlements-
indicative of an extortion scheme. The basis for Judge Rafeedie's finding that
respondent unethically pursued cash settlements was the letter respondent
sent defendants with each complaint. Judge Rafeedie found that this letter
violated the Model Code of Professional Responsibility in that it: (1) advised
an unrepresented party against obtaining counsel; (2) provided a considerable
amount of legal advice on pursuing a claim against the defendant's insurance
company; and (3) advised the unrepresented party that it does not have "a
bona fide defense" to the lawsuit and recommended a quick settlement, rather
than wasting money on "needless litigation." Judge Rafeedie further
concluded that the only reason respondent waited a year before filing suit was
to intimidate small businesses by increasing the statutory damages claim. . .

**Molski Found not to be a Vexatous Litigant in the Northern District
Court of California (heading emphasis by California State Bar)**
Once Judge Rafeedie declared Mr. Molski a vexatious litigant in the Central
District Court of California, defendants in Jarek Molski et al. v. Rapazzini
Winery, brought a motion to declare Mr. Molski a vexatious litigant in the
Northern District Court of California. However, on April 6, 2005, the
Honorable Patricia V. Trumbull declined to follow Judge Rafeedie's ruling.
After examining the contents of Mr. Molski's pleadings, Judge Trumbull
found that his ADA claims were not frivolous, and that Mr. Molski provided
reasonable explanations for the number of violations he discovers and for the
number of injuries he suffers. Judge Trumbull disagreed with Judge
Rafeedie's conclusion that Mr. Molski's high settlement rate and failure to

take cases through trial evidenced lack of a good faith expectations of prevailing on the merits. Judge Trumbull instead concluded that a high settlement rate is merely a fact of modern litigation. Judge Trumbull further concluded that Mr. Molski did not cause needles expense to the federal court system because he has a right to seek redress in federal court, even though he also seeks remedies under pendant state claims that are not available under federal law. . . .

**Respondent's Appeal of the Central District Court's Findings (heading emphasis by California State Bar)**

Respondent appealed and the Ninth Circuit Court of Appeal reviewed Judge Rafeedie's orders for abuse of discretion. On August 31, 2007, the Ninth Circuit Court of Appeals issued an opinion affirming Judge Rafeedie's orders declaring Mr. Molski a vexatious litigant and requiring that he and respondent obtain leave of court prior to filing any new ADA complaints. After the Ninth Circuit affirmed Judge Rafeedie's orders, respondent filed a petition for rehearing. The panel denied the petition for rehearing, but not without vigorous dissent. In his dissenting opinion, Chief Judge Alex Kozinski argued that Judge Rafeedie had no basis to find that Mr. Molski made meritless claims or lied about his injuries. In his scathing assessment of Judge Rafeedie's "hearing," Judge Kozinski wrote: Oh, sure, the docket indicates (somewhat misleadingly) that a "hearing" was held on the vexatious litigant motion, but it plainly was not an evidentiary hearing. What happened instead is this: The judge spent the first half of the hearing berating Molski and his lawyers, in pretty much the same terms as his subsequent order-which suggests that his views were cast in cement by the time of the "hearing." [Citations.] After the judge was done, Molski's counsel was allowed to address the court, [Citations], but no witnesses testified, no evidence was presented, there was no cross-examination and there were no evidentiary rulings-in short, there was no trial. Molski, whose veracity the district court impugned, was not even present. How then did the judge manage to make factual findings, and how does this panel affirm those findings on appeal? It's bad enough that the panel relies on its own armchair wisdom abut plaintiff's supposed ability to avoid repetitive injuries, [Citation], rather than looking to whether the record supports the findings of the district court. Worse still is that there is no record the panel could consult if it were of a mind to do so. There is no statement at all from Molski himself, as the complaint is not verified. The panel does not find the absence of an evidentiary record remarkable, perhaps laboring under the mistaken impression that there must be an evidentiary record somewhere under all that paper. Still and all, those of us unfamiliar with the alchemy of making findings based on no evidence- and affirming them based on no record-would dearly love to know why the

absence of an evidentiary record is not an insuperable obstacle to affirming a district court's factual finding. . . .

The bottom line is this: The district court made, and the panel affirms, a finding that Molski is a liar and a bit of a thief, without any evidence at all. The district court and the panel also manage to find that plaintiff just couldn't have suffered the injuries he alleges, without the benefit of an expert or any other proof. But does the district court have authority to make findings that severely curtail access to the federal court, not only for plaintiff but also for his lawyers and their other clients (present and future), without swearing in a single witness? Without giving notice and an opportunity to present evidence? Without cross-examination? Without any of the other rudiments of due process? Isn't Molski at least entitled to get on the stand, look the judge in the eye and tell his story?

**Conclusions of Law**
**Count One: Moral Turpitude-Scheme to Extort (Bus. & Prof. Code §6106)**

The State Bar alleges that respondent engaged in a scheme to extort by: (1) filing claims that contained false and contrived claims of bodily injury; (2) filing numerous complaints alleging plaintiff had been injured numerous times in a single day; (3) making misleading statements to defendants about hiring counsel, the merits of their defense, and discussing whether their insurance might cover any claims, and (4) not notifying the defendants of the claim until after significant time had passed so that a large daily damage total could accumulate. . . .

The State Bar has the burden of providing that respondent is culpable by clear and convincing evidence. The State Bar's case, however, relies almost entirely on (1) Judge Rafeedie's orders; (2) the Ninth Circuit Court's decision affirming Judge Rafeedie's orders; and (3) the testimony of James Link. . . .

While Judge Rafeedie made substantive findings that respondent engaged in a scheme to extort ADA settlements, these findings were derived from a questionable evidentiary hearing that, according to Chief Judge Kosinski, was void of testimony and evidence.

Based on the record before the court, it appears that Judge Rafeedie's findings were based on the record before the court, it appears that Judge Rafeedie's findings were based more on assumption and innuendo than testimonial and documentary evidence. While Judge Rafeedie's findings were sufficient to meet the lower threshold of proof necessary to warrant pre-filing sanctions, they do not raise to the level of clear and convincing evidence. . . .

Any weight the court gives to Judge Rafeedie's orders is diminished by the disparity in treatment respondent had received in the federal court system. Facing a similar motion, Judge Trumbull of the Northern District declined to follow Judge Rafeedie's lead on this issue. Further, there is no indication in the record that any other court has found respondent or his client to be a vexatious litigant. This is despite the fact that respondent has filed hundreds of ADA lawsuits in the Central and Northern Districts. . . .

At first blush, the Ninth Circuit Court's affirmation of Judge Rafeedie's orders appear to bolster the State Bar's case. However, following closer examination, it's clear that the Ninth Circuit Court's holding demonstrates little aside from the fact that Judge Rafeedie's orders did not constitute an abuse or discretion. Based on the strenuous dissenting opinions voiced by Chief Judge Kozinski, and others, the Ninth Circuit Court's affirmation was hardly a ringing endorsement. . . .

The court also took into consideration the testimony of attorney James Link. Mr. Link's practice is made up of litigation and appellate work. In the last four years, he's worked on 80 cases where ADA was an issue. Of these 80 ADA cases, Mr. Link never represented a plaintiff. Mr. Link opinioned that respondent over bills, works cases longer than needed, and asks for outrageous attorney fees.

The court, however, found Mr. Link to be a biased witness considering his perspective, demeanor and extensive background in ADA defense. . . .

Finally, the court also considered whether the letter respondent sent defendants with each complaint supports the allegations that he was engaged in a scheme to defraud. While Judge Rafeedie found that this letter violated the Model Code of Professional Responsibility, the State Bar did not allege, and the court does not find, that it violates either the Rules of Professional Conduct or the Business and Professions Code, and although respondent's letter seeks to expedite settlement, this is not necessarily indicative of a scheme to extort. . . .

Accordingly, the court finds that the State Bar did not prove, by clear and convincing evidence, that respondent committed moral turpitude by engaging in a scheme to extort. Count One is dismissed with prejudice.

**Count Two: Seeking to Mislead a Judge (§6068, Subd. (d)). . . .**

Section 6068, subdivision (d), prohibits an attorney from seeking to mislead the judge or any judicial officer by an artifice or false statement of fact or law. The State Bar alleges that by filing complaints containing allegations of bodily injury when there were no facts to support such a claim, respondent sought to mislead the judge or judicial officer by an artifice or false statement of fact or law. . . .

1

2

3

4

The State Bar failed to establish, by clear and convincing evidence, their underlying premise that no facts supported respondent's allegations of his clients' bodily injuries. As noted above, the findings of Judge Rafeedie on this issue were conclusory and subsequently contradicted by the findings of Judge Trumbull. Consequently, Count Two is dismissed with prejudice.

5

6

7

8

9

10

11

12

**Count Three: Moral Turpitude - (§6106)**

The State Bar alleges that respondent committed acts of moral turpitude by making settlement demands and settling with defendants without "appropriately apportioning" each defendants' responsibility for the repetitive, continuous, and cumulative trauma Mr. Molski suffered, thereby making defendants responsible for more than their share. The State Bar, however, failed to present clear and convincing evidence fo the alleged misconduct. Furthermore, the State Bar did not establish under what duty respondent is required to "appropriately apportion" for each defendant's responsibility. Consequently, there is not basis in the record to support a finding of culpability in Count Three.  Count Three is dismissed with prejudice.

13

14

[For the convenience of the court, the State Bar Decision is attached as exhibit "H" and incorporated by reference as though fully set forth herein].

15

16

17

18

The pre-filing order casts a significant shadow over Thomas E. Frankovich, and Thomas E. Frankovich, APLC lawyers.  The very nature of the sanction creates a judicial foundation of skepticism, bias and prejudice toward counsel and all other disabled persons (not associated with Jarek Molski) for whom Thomas E. Frankovich represents.

19

20

21

22

23

The ends of justice can only be served by vacating this pre-filing order against [Thomas E. Frankovich, The Frankovich Group, as presently constituted, and as it may hereafter be constituted, including all shareholders, associates and employees] for any client it/he/she/they represent(s) in the Central District Court of California from denial of access to a public accommodation claim.

24

25

26

27

28

1       Therefore, based upon the Santa Barbara Superior Court's verdict, the Ninth Circuit

2 Nine (9) judges' dissent and the California State Bar Court's decision, I request that the pre-

3 filing order be vacated under the "inherent power" of this court or as an alternative, using

4 California Code of Civil Procedure 391.8 solely as a guide, as Thomas E. Frankovich, is not a

5 "vexatious litigant" under C.C.P. 391.

6

7       I declare under penalty of perjury that the foregoing is true and correct.  Executed on

8 this _____ *10/30/13* _____, 2013 at San Rafael, California.

9

10                           Respectfully submitted,

11

12                           THOMAS E. FRANKOVICH,

13                           ***PROFESSIONAL LAW CORPORATION***

14



15                    By:

16                           Thomas E. Frankovich

17                           Attorneys for Plaintiffs JAREK MOLSKI, an

                            individual; and DISABILITY RIGHTS

18                           ENFORCEMENT, EDUCATION SERVICES:

19                           HELPING YOU HELP OTHERS, a California

                            public benefit corporation

20

21

22

23

24

25

26

27

28

1                         **CERTIFICATE/PROOF OF SERVICE**

2   State of California          )
                                ) ss

3   County of Marin           )

4

5       I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is 4328 Redwood Hwy, Suite 300, San Rafael, CA 94903; that on the below

6 date, following normal business practice, I served the foregoing document, described as:

7 APPLICATION TO THE CHIEF PRESIDING JUDGE GEORGE KING TO VACATE THE PRE-FILING ORDER REQUIRED OF ATTORNEY THOMAS E. FRANKOVICH and

8 THOSE EMPLOYED OR ASSOCIATED WITH THOMAS E. FRANKOVICH, APLC TO FILE NEW LITIGATION; DECLARATION OF THOMAS E. FRANKOVICH IN LIEU OF

9 CCP 391.8 APPLICATION; and [PROPOSED] ORDER

10 on the interested parties in this action, conveyed as follows:

11 [X]    **U.S. MAIL** - By depositing true copies thereof, enclosed in a sealed envelope, with postage thereon fully prepaid. I am readily familiar with this office's practice for

12        collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will

13        be deposited with the United States Postal Service at San Rafael, California.

14 addressed to:

15 Robert H. Appert

16 Attorney at Law

17 1208 S. San Gabriel Blvd.

   San Gabriel, CA 91776

18

19       I declare under penalty of perjury under the laws of the State of California that I am

20 employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct. Executed on October 31, 2013, at San Rafael,

21 California.

22

23

24                               Armetrice Cooper

25

26

27

28